**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30482
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHEVELL M. HAMILTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CR-50066-1
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Chevell M. Hamilton pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of powder cocaine (Count 1), conspiracy to possess with intent to distribute 50 grams or more of crack cocaine (Count 2), and possession of a firearm in relation to drug trafficking (Count 4). He was sentenced to 136 months of imprisonment on Counts 1 and 2, to run concurrently, and to 60 months of imprisonment on Count 4, to run consecutively to his sentences for Counts 1 and 2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hamilton argues on appeal that the district court violated FED. R. CRIM. P. 32(i)(1)(A) and (B), 18 U.S.C. § 3552, and the Sixth Amendment when it denied his request at sentencing for additional time to review a new amendment to the presentence report (PSR) and when it did not provide him with the probation officer's sentencing recommendations.

Because Hamilton is raising these issues for the first time on appeal, they are reviewed for plain error. See United States v. Jones, 444 F.3d 430, 443 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006).

The district court did not plainly err in failing to provide Hamilton with the probation officer's sentencing recommendations because it was not required to do so. See FED. R. CRIM. P. 32(e)(3); W.D. LA. CR. R. 32.1(F). Furthermore, the district court did not plainly err in refusing to give Hamilton additional time to review the information contained in the PSR amendment because the record indicates that Hamilton was provided with the information contained in the amendment at the time of the plea agreement.

AFFIRMED.